# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ORION MARINE CONSTRUCTION, INC.,**

    **Plaintiff,**

v.                                                Case No. 8:19-cv-1622-T-30CPT

**MARINE STRUCTURES, LLC,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue (Dkt. 12) and Plaintiff's Response in Opposition (Dkt. 14). The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied because Defendant has not established that public-interest factors disfavor enforcement of the parties' agreement to litigate in this forum.

## BACKGROUND

This is a contract dispute between two commercial entities. Plaintiff Orion Marine Construction, Inc. and Defendant Marine Structures, LLC entered into a purchase agreement under which Marine Structures agreed to supply stainless steel bolts to Orion for the construction of a World War II Battleship's cofferdam and walkway. Orion is a citizen of Florida and Texas. Marine Structures is a citizen of North Carolina. The purchase agreement included a forum-selection clause in which the parties agreed that "jurisdiction

and venue over all controversies arising out of, or relating to, this Agreement shall be in Hillsborough County." (Dkt. 1-2 at ¶ 26). The purchase agreement also provided that it "shall be construed in accordance with, and disputes shall be governed by, the laws of the State of Florida, excluding its conflict of law rules." *Id.*

The complaint alleges that the bolts Marine Structures supplied to Orion were contaminated. After Orion installed the defective bolts, they began exhibiting significant signs of oxidation corrosion. The complaint asserts claims against Marine Structures for breach of contract and contractual indemnity.

This case is at issue upon Marine Structures' motion to dismiss, or, in the alternative, to transfer venue. Marine Structures argues that the Middle District of Florida is not a "proper venue" under 28 U.S.C. § 1391(b). Marine Structures alternatively requests transfer to the Eastern District of North Carolina under 28 U.S.C. § 1404(a) and the doctrine of *forum non conveniens*.

## **DISCUSSION**

The law is clear that a valid forum-selection clause should be given controlling weight in all but the most exceptional circumstances. *Atl. Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, 134 S.Ct. 568, 581 (2013). "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Cleveland v. Kerzner Int'l Resorts, Inc.*, 657 F. App'x 924, 925–26 (11th Cir. 2016) (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir.

2009)).  A forum-selection clause will be deemed invalid if: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.*

The Court concludes that Marine Structures has not met its considerable burden to demonstrate that enforcement of the presumptively-valid forum-selection clause is unfair or unreasonable under the circumstances.  Marine Structures asserts that Orion's complaint relates to matters that occurred exclusively in North Carolina.  The bolts at issue in this case were delivered to Orion's North Carolina project site.  Marine Structures' main argument is that the forum-selection clause is contrary to the public policy of North Carolina.  This argument is unpersuasive because the relevant inquiry is whether enforcement would contravene the public policy "of the forum in which suit is brought," which is Florida, not North Carolina.  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

Marine Structures also fails to carry its burden under section 1404(a) because it has not established that this is an extraordinary case in which *public interest factors* overwhelmingly disfavor enforcement of the forum-selection clause.  Notably, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.  A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine*, 571 U.S. at 64.  But Marine

Structures' arguments (other than the argument related to North Carolina's public policy) are tantamount to convenience arguments, which are insufficient under this binding precedent.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue (Dkt. 12) is denied.

2. Defendant shall file an answer to the complaint within fourteen (14) days of this Order.

DONE and ORDERED in Tampa, Florida on October 9, 2019.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record